600 P.2d 751

Shawn T. COLWELL, a minor by his next best friend, Thomas W. Colwell, Appellant and Cross-Appellee,

v.

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Appellee and Cross-Appellant.

No. 1 CA–CIV 4081.

Court of Appeals of Arizona, Division 1, Department A.

July 12, 1979.

Rehearing Denied Aug. 31, 1979.

Review Denied Sept. 25, 1979.

Kleinman, Carroll & Kleinman by Frank Lesselyong, Phoenix, for appellant and cross-appellee.

Simmons & Stinson, P. A. by James A. Simmons and Mark E. Turley, Phoenix, for appellee and cross-appellant.

OPINION

WREN, Presiding Judge.

The eight-year-old appellant was injured as a result of a collision between a mini-bike which he was operating and an automobile driven by another individual. His timely insurance claim having been denied, appellant's father filed an action for appellant's medical expenses against appellee insurance company with whom he had an effective standard family automobile insurance policy. The trial court granted appellee's motion for summary judgment. There is no dispute in this case as to the validity or enforceability of the insurance policy. The sole issue on appeal is the applicability and enforceability of a particular exclusion in that policy which denied medical payments. We find the provision in question to be both applicable and enforceable and, therefore, affirm the summary judgment.

The section in question provides that State Farm agrees with the insured:

To pay reasonable *medical expenses* incurred for services furnished within one year from the date of accident:

**448**

Division 1. to or for the first *person* named in the declarations and, while *residents* of his household, his spouse and any relative of either who sustains *bodily injury*, caused by accident

(1) while *occupying* the *owned motor vehicle*, or

(2) through being struck by a *highway vehicle* while not *occupying* a land motor vehicle.

The policy does not define the term "land motor vehicle" (see subparagraph (2)) and appellee cites numerous cases, annotations, and statutes to support the contention that the term includes a mini-bike. Although appellant had raised the issue as to the definition of the phrase, he did concede in his reply brief that for purposes of this appeal, the mini-bike involved here was such a vehicle. We have little difficulty in holding that the common sense definition of the term "land motor vehicle" would include such a gasoline-powered motorized two-wheeled vehicle with a displacement of 50 cubic centimeters.

Not denying that insurance companies can exclude from coverage certain types of contingencies, appellant asserts that the exclusionary provision in question was devised to prevent a situation not involved here, that is, allowing coverage of two cars for the price of one. Appellant claims that the language of subparagraph (2) was not designed to cover the situation of an eight-year-old operating a mini-bike at the time of an accident, as opposed to an owned but unlisted automobile. He denies any attempt to unjustly overextend the policy's coverage since, unlike an automobile, the mini-bike is uninsurable.

Appellee, on the other hand, argues that the exclusion properly covers this case where the risks are even greater since the mini-bike was indeed uninsurable. We must agree with appellee that the exclusionary language set forth above does cover the situation at hand, that is, bodily injury occurring through an insured being struck by a highway vehicle while he was occupying a land motor vehicle.

While we might agree with appellant that the provision in question could be more artfully drawn, we do not find the vagueness and ambiguity alleged by appellant. Finding no uncertain or doubtful intention, we need not apply the rule enunciated in *Equitable Life Assurance Society of U. S. v. Boyd,* 51 Ariz. 308, 76 P.2d 752 (1938), requiring construction in favor of the insured.

Inasmuch as we do not find the provision in question to be vague and ambiguous and do find it was intended to exclude coverage in the present factual situation, we hold the provision enforceable and affirm the summary judgment granted in favor of appellee.

DONOFRIO and ROSENBLATT, JJ., concur.

NOTE: The Honorable PAUL G. ROSEN-BLATT, Yavapai County Superior Court Judge was authorized to participate by the Chief Justice of the Arizona Supreme Court pursuant to A.R.S.Const. Art. VI, § 3.